UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                                                    :
TRUSTEES OF THE WELFARE TRUST,           :    Civil Action No. 05-5615 (FLW)
EMPLOYEE PENSION, EDUCATION,               :
VACATION, INDUSTRY AND SURETY              :
TRUST FUNDS, LOCAL UNION NO. 475           :
                                                                    :
                                                                    :
              Plaintiffs,                                  :
                                                                    :
       v.                                                       :    OPINION
                                                                    :
WASHINGTON MECHANICAL, INC.,               :
                                                                    :
              Defendant.                                :
_____

**WOLFSON, District Judge**

Presently before the Court is a motion by Plaintiffs, Trustees of the Welfare Trust, Employee Pension, Education, Vacation, Industry and Surety Trust Funds, Local Union No. 475 ("Trust Funds of Local 475"), for Default Judgment on their claims against Defendant, Washington Mechanical, Inc., for failure to appear or otherwise respond to Plaintiffs' Complaint of November 23, 2005.  For the reasons set forth below, Plaintiffs' motion will be GRANTED.

**I. Background**

Plaintiffs, Trust Funds of Local 475, provide welfare, pension, education, and other benefits pursuant to the terms of a Collective Bargaining Agreement ("Agreement") between

Steamfitters, Pipefitters and Apprentices Local Union No. 475 ("Local 475") and the Mechanical Contractors Association ("Contractors Association") of New Jersey. Defendant, Washington Mechanical, is a New Jersey corporation and a member of the Contractors Association. Thus, Defendant is bound by the terms of the Agreement, and as such, is required to pay to the Trust Funds of Local 475 a percentage of gross wages paid to each member of Local 475 as well as to contribute to the National Training Fund at an hourly rate for total gross hours paid. Specifically, as of May 1, 2005, the required contributions to the Trust Funds of Local 475 were as follows: Welfare – 21%; Pension –12%; Education – 1%; Vacation Allowance –10%; Mechanical Contracting Industry Council – 1%; Surety – 11%; and Retiree Medical Supplement – 59%.

Pursuant to the regulations adopted by the Trust Funds of Local 475, all employers are required to file reports and pay benefits on a monthly basis. Since May 2005, Defendant has employed one or more members of Local 475, however, Defendant has failed to remit payments and contributions on a timely basis. Therefore, Plaintiffs contend that as a result of Defendant's failure to remit payments, the Plaintiffs have suffered a loss of investment income and have incurred additional administrative expenses.

On November 23, 2005, Plaintiffs commenced this suit against Washington Mechanical seeking damages in the amount of $41,352.57 plus interests, costs, attorneys fees and liquidated damages equal to 20% of the unpaid contributions or $8,270.51. Defendant was served with a copy of the Summons and Complaint on January 25, 2006. Defendant failed to plead or otherwise appear. Thereafter, on September 18, 2006, Plaintiffs requested that the Clerk of the Court enter default pursuant to Fed. R. Civ. P. 55(a), and default was entered on September 19, 2006. On November 1, 2006, Plaintiffs filed a Motion for Default Judgment. The Motion was

returnable on December 4, 2006.  As of December 8, 2006, Defendant has not responded to nor opposed this Motion.

## II. Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry of default judgment.  To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the clerk of the court pursuant to Fed. R. Civ. P. 55(a).  Once this procedural hurdle has been met, it is within the discretion of this court whether to grant a motion for a default judgment. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  Moreover, when a defendant is in default, the Court treats all pleadings and allegations of the plaintiff as true. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990).  However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right and it is left to the "sound judicial discretion" of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984).  Furthermore, the preference is to dispose of cases on the merits whenever practicable. Id. at 1181 (citations omitted).

## III. Discussion

In the instant matter, since November 2005, Defendant has failed to appear and defend Plaintiffs' claims against it.  Moreover, on September 19, 2006 , pursuant to an application by the Plaintiffs, an entry of default was made by the Clerk of the Court against the Defendant.  Subsequently, on November 1, 2006, Plaintiffs filed a Motion for Default Judgment.  Defendant has failed to oppose this motion.  Thus, the Court finds that a grant of default judgment is

appropriate.

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Default Judgment against Defendant is granted.  Plaintiff may recover the sum of $58, 313.62 which includes principal contributions, interest, liquidated damages, attorneys fees.  Plaintiff may also recover $418.32 representing the cost of this action.  An appropriate order will follow.


Dated: December 8, 2006                    /s/  Freda L. Wolfson
                                                            The Honorable Freda L. Wolfson,
                                                            United States District Judge